FOLEY et al, Respondents, v. WATERTOWN CENTRAL HEATING CO., Appellant.

(249 N. W. 815.)

(File No. 7547. Opinion filed August 12, 1933.)

*Irvin H. Myers,* of Watertown, for Appellant.

*Arthur H. Hasche* and *Andrew E. Foley,* both of Watertown, for Respondents.

CAMPBELL, J. In December, 1920, defendant corporation issued original certificate No. 43. for fifty shares of its capital stock to one Andrew Smedley, who duly purchased and paid full value for said stock. Subsequently Smedley died, and his estate was in course of probate. His widow and heir, Mrs. Smedley, who was indebted to A. P. Foley, represented to Foley, to the county court, and to the defendant (and doubtless honestly believed) that certificate No. 43 had never been transferred or disposed of by her husband, but that it had been destroyed in his lifetime when the family home burned. Foley was willing to purchase this stock from the Smedley estate, and in consideration therefor to cancel the indebtedness due him and pay some additional money, but demanded that a new certificate issue from the company directly to him. The company was fully advised as to the situation, knew that Foley was willing to purchase the stock from Mrs. Smedley and pay her full value therefor, and knew that Foley would not deal with Mrs. Smedley concerning the matter at all, unless she could get the company to issue directly to Foley a new certificate representing said fifty shares. The company, after affi-

davit by Mrs. Smedley in proof of the facts, and after taking from her a $500 indemnity bond by way of protection against the certificate claimed to have been destroyed, issued and delivered to Foley certificate No. 147, purporting to represent the same fifty shares of stock originally covered by certificate No. 43 to Smedley, and Foley paid the full agreed consideration to Mrs. Smedley. For some time thereafter the company recognized Foley as owner of these fifty shares, paying him dividends, etc. Some time in 1930, in the course of the administration of the estate of one A. J. Struckman, the administrator of said estate discovered and presented to defendant corporation the original Smedley certificate No. 43 bearing an assignment by Smedley under date of September, 1921, to A. J. Struckman. A mandamus proceeding was brought by the Struckman administrator in circuit court against the corporation (Foley not being a party thereto), and it was adjudged that the Struckman estate was the owner of certificate No. 43 and the fifty shares of stock thereby represented. Thereupon and thenceforth the defendant company recognized the Struckman estate as the holder of said fifty shares, and has since paid dividends accordingly, and has refused to pay dividends to Foley or to recognize him as a stockholder owning fifty shares pursuant to his certificate No. 147. Foley instituted this proceeding, now carried on by his executors, to secure the unpaid dividends upon his fifty shares and to be recognized as a stockholder. Findings, conclusions, and judgment in the court below were in favor of plaintiffs, and defendant corporation has appealed.

Appellant corporation was under no obligation to issue certificate No. 147 to Foley. No attempt was made to secure an order of court for a new certificate, as contemplated by section 17, c. 159, Laws 1921, being the Uniform Stock Transfer Act. Appellant issued the certificate to Foley voluntarily and with full knowledge of all the then known facts, and with the knowledge that, as a result thereof and in reliance thereon, Foley would pay to Mrs. Smedley the value of the fifty shares of stock, which he would not otherwise do. So far as Foley is concerned, there is no claim or imputation of fraudulent concealment. Under the facts and circumstances presented by this record, it seems very clear that, as between itself and Foley, appellant corporation must be held to have assumed the risk that the lost certificate No. 43 might turn up in the hands

of an innocent holder for value, and that the corporation is estopped to deny the complete validity of the certificate issued to Foley.

We are of the opinion that the learned trial judge ruled the matter correctly. The judgment appealed from is affirmed.

All the Judges concur.